IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00509-BNB

FRANK VIGIL, JR.,

    Applicant,

v.

SUSAN JONES, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Frank Vigil, Jr., is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado State Penitentiary in Cañon City, Colorado. Mr. Vigil initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Jefferson County District Court case number 97CR1195. On April 17, 2008, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 6, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period and that Applicant failed to exhaust state court remedies as to his asserted claims. On May 20, 2008, Mr. Vigil filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Vigil liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' arguments concerning Applicant's alleged failure to exhaust.

Mr. Vigil was convicted by a jury in 1998 in Jefferson County District Court case number 97CR1195 on charges of first-degree murder, second-degree kidnapping involving a sexual assault, first-degree assault, conspiracy to commit first-degree murder, conspiracy to commit second-degree kidnapping, and crimes of violence. He was sentenced to life without parole on the murder count, forty-eight years for kidnapping, thirty-two years for assault, forty years for conspiracy to commit murder, and thirty years for conspiracy to commit kidnapping. Judgment was entered on January 14, 1998. Mr. Vigil appealed from his convictions to the Colorado Court of Appeals, which on July 29, 1999, affirmed. On December 27, 1999, certiorari review was denied. Mr. Vigil does not allege that he sought certiorari review in the United States Supreme Court.

On October 25, 2006, Mr. Vigil filed a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, which the trial court denied on October 29, 2006. Mr. Vigil filed a notice of appeal. On March 29, 2007, the Colorado

Court of Appeals affirmed the denial of the Colo. R. Crim. P. 35(c) motion. On October 8, 2007, the Colorado Supreme Court denied certiorari review. The Court received the instant habeas corpus application for filing on March 5, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Vigil did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied his certiorari petition on December 27, 1999, to do so. *See* Sup. Ct. R. 13. Therefore, his conviction became final on March 27, 2000, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Vigil does not allege that unconstitutional state action prevented him from filing the instant action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he could have discovered the factual predicate for his claims challenging the validity of his conviction at the time his direct appeal became final on March 27, 2000. Therefore, it appears that the one-year limitation period began to run on March 27, 2000.

On the facts alleged in the application, and in keeping with 28 U.S.C. § 2244(d), Mr. Vigil should have filed a habeas corpus action in this Court no later than March 27, 2001. The application was submitted to the Court on March 5, 2008. The application, however, was signed on January 16, 2008. Presuming that the application was placed in the prison mail on January 16, 2008, the Court will deem this action commenced pursuant to the prisoner mailbox rule, *Houston v. Lack*, 487 U.S. 266, 270 (1988), on January 16, 2008, which is well over six years beyond the one-year limitation period. The instant action is time-barred in the absence of some reason to toll the one-year limitation period.

Mr. Vigil argues in his reply to Respondents' Pre-Answer Response that he is ignorant of the law and innocent of the crimes on which he was convicted, that not until 2002 at age 21 was he released from solitary confinement, and that he was returned to solitary confinement on July 1, 2003. The Court will consider the arguments raised by Mr. Vigil in his reply in the context of equitable tolling.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Vigil bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Vigil's arguments are not sufficient to support equitable tolling. *See Gibson*, 232 F.3d at 808. His placement in solitary confinement is not an extraordinary situation warranting equitable tolling. Mr. Vigil has not demonstrated why he did not pursue diligently his federal claims while released from solitary confinement from 2002 to 2003. Nor is his ignorance of the law an extraordinary situation warranting equitable tolling. *See id.* "[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Miller*, 141 F3d at 978 (equitable tolling not justified by fact that

5

applicant simply did not know about one-year time limitation). In addition, Mr. Vigil has failed to set forth any facts demonstrating actual innocence. **See Schlup v. Delo**, 513 U.S. 298, 326-27 (1995). To establish actual innocence, he must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *Id.* at 327. His claim of actual innocence is unsupported by any new reliable evidence. Instead he relies upon vague and conclusory allegations of innocence. Therefore, the Court finds that Mr. Vigil has failed to demonstrate that equitable tolling is appropriate in this action, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00509-BNB

Frank Vigil, Jr.
Prisoner No. 96232
Colorado State Penitentiary
PO Box 777
Cañon City, CO 81215-0777

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/16/8

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk